UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: 2:13-cv-01686-RDP |
| } | |
| **TAQUERIA VALENCIA RESTAURANT,** } | |
| } | |
| **Defendant.** } | |

## MEMORANDUM OPINION

This matter is before the court on Plaintiff's (1) Motion for Default Judgment, (2) Brief in Support thereof, and (3) Attorney Fee and Expense Report. (Docs. # 10, 13 and 14). Plaintiff's Motion seeks a Rule 55(b) default judgment against Defendant in the amount of $10,000.00 in statutory damages plus attorney's fees and costs.

Rule 55 (b) states in relevant part:

(b) Entering a Default Judgment.

(1) *By the Clerk*. If the plaintiff's claim is for a sum certain or for a sum which can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor or incompetent person.

(2) *By the Court*. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.

Fed.R.Civ.P. 55(b)(1),(2).

The court finds that all of the requirements of Rule 55(b)(2) are satisfied in this case. This action was commenced on September 11, 2013. (Doc. # 1). A copy of the summons and complaint was served on Defendant on January 11, 2014. (Docs. # 4, 13-1). There is nothing in the record to suggest that Defendant is a minor, incompetent, or serving in the United States Military or armed forces. (Docs. # 8, 13-1).

To date, Defendant has neither filed anything with the court in its defense nor contacted the court in any manner about this case, despite the fact that it was served with a summons and a complaint. Therefore, in response to Plaintiff's March 10, 2014 Motions for Entry of Default (Docs. # 6 and 7), default was entered against Defendant by the Clerk of Court on March 12, 2014. (Doc. # 9).

As Defendant has not appeared in this action, the court is not required to provide it with written notice of Plaintiff's motion seeking default judgment prior to entering judgment. *See* Fed. R. Civ. P. 55(b)(2). On March 20, 2014, the court set Plaintiff's Motion for Default Judgment for hearing on April 21, 2014. However, at Plaintiff's request the hearing was moved to May 19, 2014. On May 19, 2014, the court conducted a hearing on Plaintiff's Motion and request for statutory damages and attorney's fees and costs.

Plaintiff's Complaint asserts claims under the Communications Act of 1934, as amended, Title 47 U.S.C. § 605, et seq., and the Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S. § 553, et seq., and a conversion claim. A party aggrieved under 47 U.S.C. § 605 may, at its discretion, recover either actual or statutory damages. 47 U.S.C. § 605(e)(3)(C). Plaintiff elects to recover statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II). Plaintiff is entitled to not less than $1,000.00, but no more than $10,000.00

for each violation.  Plaintiff asserts that Defendant violated Section 605 on one occasion at each of its two restaurants.  Section 605 mandates an award of costs and reasonable attorneys' fees to an aggrieved party who prevails. 47 U.S.C. § 605(e)(3)(B)(iii).

For the reasons stated on the record in open court, the court will, by separate order, grant Plaintiff's Motion for Default Judgment (Doc. # 10) and enter a default judgment in favor of Plaintiff and against Defendant in the amount of $10,000.00 for statutory damages and $5,100.00 for reasonable attorney's fees and costs.

**DONE** and **ORDERED** this June 16, 2014.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE